## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| **BUDDY F. MITCHELL, II** | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | **JURY DEMAND** |
| | ) | |
| **vs.** | ) | Civil No. |
| | ) | |
| **THE METROPOLITAN GOVERNMENT** | ) | |
| **OF NASHVILLE AND DAVIDSON** | ) | |
| **COUNTY, TENNESSEE** | ) | |
| | | |
| Defendant | | |

_____

### VERIFIED COMPLAINT FOR DAMAGES

_____

Comes now the Plaintiff, and for cause of action against the Defendant for damages for violation of federal constitutional rights as well as the laws of the State of Tennessee, files this suit.  In support of this complaint, the Plaintiffs would show the Court as follows:

### INTRODUCTION AND GENERAL ALLEGATIONS:

1.  This is an action for money damages against  the Metropolitan Government of Nashville and Davidson County, Tennessee for committing acts under the color of state law depriving the Plaintiffs of rights secured by the Constitution and laws of the United States

and the State of Tennessee including discrimination.

The allegations made herein occurred in Nashville, Davidson County, Tennessee in the middle district of Tennessee and are alleged to have occurred on or about May 9, 2009 culminating in the termination of the Plaintiff's employment as a police officer with the Metropolitan Government of Nashville, and Davidson County, Tennessee.

## I. JURISDICTION, PARTIES AND VENUE:

1) Jurisdiction is conferred upon this Court by 28 United States Code §§ 1331 and 1343(a). Jurisdiction is also conferred pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA" or "the Act") pursuant to 29 U.S.C. 623 (a) *et seq*. and *28 U.S.C. § 1331.*

2) Plaintiff is an adult natural persons who are is a resident and citizen of Davidson County, Tennessee.

3) Defendant Metropolitan Government of Nashville and Davidson County, Tennessee is a lawfully formed Metropolitan Government organized pursuant to Title 7 of the statutes of the State of Tennessee.

4) Venue of this action is proper under 28 U.S.C. § 1391(b)(3), the actions and omissions complained of having occurred in this judicial district in Nashville, Davidson County, Tennessee.

2

## II. FACTS:

7) This action arises primarily out of the termination of the Plaintiff from his employment as a police officer with the Metropolitan Government of Nashville and Davidson County, Tennessee for some thirty-three (33) years.

8.) Plaintiff is a white male who at the time of the facts asserted in this complaint was fifty-three (53) years of age.

9.) Plaintiff was employed by the Metropolitan Government of Nashville and Davidson County, Tennessee as a police sergeant with the Metropolitan Nashville and Davidson County, Tennessee Police Department and had been employed by the Defendant from September 1, 1975 until May 9, 2009.

10.) As of 2008 and 2009 the Plaintiff had reached his maximum wage earnings and was costing the Metropolitan Government and the Metropolitan Police Department a yearly wage and earnings of approximately one hundred thousand dollars ($100,000) each year.

11.) After the Plaintiff reached the age of fifty (50) years, for approximately one and a half years, the Defendant Police Department through its senior officials including

3

Deputy Chief Steve Anderson, Officer Ruel Camacho, Lt. Gordon Howey began to work to attempt to find some disciplinary charge for which they could either force the resignation of or termination of the Plaintiff. These officials of the Metropolitan Police Department acted outside the established disciplinary and contractual procedures to find something with which they could either bring charges against the Plaintiff or force his resignation for the purpose of opening this Sergeant position so that the Plaintiff could be replaced with a younger Sergeant.

12.) On the last day of the Plaintiff's employment with the Metropolitan Police Department the Plaintiff was told he would have to meet with Deputy Chief Steve Anderson. Deputy Chief Anderson told the Plaintiff that "this is your last day to be a law enforcement officer in Tennessee." Plaintiff was not permitted to consult with his attorney or anyone else and impliedly told that his pension was in jeopardy unless he immediately resigned. This violated the established policies and procedures of the Defendant and the Metropolitan Nashville and Davidson County, Tennessee Police Department and his contract of employment with the Defendant and the Police Department.

13.) Deputy Chief Anderson and other officials of the Metropolitan Police Department of Nashville, Davidson County, Tennessee told the Plaintiff falsehoods to intimidate him into agreeing to sign a resignation notice and then Plaintiff was told by officials of the Police Department that he could not appeal as it would be thrown away.

4

14.)    The Plaintiff was ordered to sign papers to effect a voluntary termination of

employment on pretextual allegations made by officials of the Metropolitan Police

Department with the conscious design to discriminate against the Plaintiff to rid the

Police Department due to his age and high wages earned at that age and seniority

15.)    The Metropolitan Police Department under the supervision of Chief Ronal Surpas

and Deputy Chief Steve Anderson has a pattern of age discrimination with the design

and intent to remove or cause and force resignations on pretextual  grounds the

termination of employees who reach the age of forty (40) years and above to

replace the workers with younger employees.

16.)   As a direct result of the actions of the named Defendants, Plaintiffs each suffered

loss of wages, loss of employment, loss of employment opportunity, benefits and other

compensatory damages and losses.


**A.  First cause of action:**

17.)    Plaintiff alleges that the Defendant, Metropolitan Government of Nashville and

Davidson County, Tennessee and the Metropolitan Nashville and Davidson County,

Tennessee Police Department reiterates the factual allegations of ¶¶1 through 16,

with the same force  and effect as if expressly repeated herein.

18.)    Plaintiff alleges that the Defendant violated the provisions of the Age Discrimination in

5

Employment Act of 1967 ("ADEA" or "the Act"). Plaintiff further alleges that the

Defendant violated the provisions of the ADEA and the ADEA's nondiscrimination

mandate, section 4(a)(1), which provides in pertinent part:

It shall be unlawful for an employer--

(1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age. . . .

*(29 U.S.C. § 623(a)(1)) 29 U.S.C. § 623(a).*

19.) Plaintiff avers that the Defendant denied the Plaintiff use and benefit of established

polices and procedures adopted and in effect by the Defendant and the Metropolitan

Police Department to afford police officer charged with disciplinary allegations or

charges rights to have an attorney present and/or a representative and the right to other

procedural safeguards and rights to assure due process and fairness in the disciplinary

proceedings.

20.) Plaintiff avers and alleges that the Defendant forced a resignation from the Plaintiff

on pretextual allegations with the intent to discriminate against him based on his age.

21.) As a direct result of the actions of the named Defendants, Plaintiffs each suffered

loss of wages, loss of employment, loss of employment opportunity, benefits and other

compensatory damages and losses.

6

22.)  Plaintiff alleges that he was 53 years of age at the time of the alleged discrimination;

that he was subject to adverse employment action by the Defendant through its police

department; that he was qualified to remain employed; and he was replaced by a younger

employee.

## ANCILLARY STATE CLAIMS:

### B.  Second cause of action:

23.)  The Plaintiff reiterates the factual allegations of ¶¶ 1 through 22, with the same force

and effect as if set forth particularly.

24.)  Plaintiff alleges that the Defendant, Metropolitan Government of Nashville and

Davidson County, Tennessee and the Metropolitan Nashville and Davidson County,

Tennessee Police Department discriminated against Plaintiff in his employment.

25.)  Plaintiff alleges that the Defendant violated the provisions of the  Tennessee Human

Rights Act. *Tenn. Code Ann. § 4-21-101(a)(1)-(4)* (2005) by discriminating against

him in his employment based his age.

26.)  The Plaintiff  alleges and avers that the actions of the Defendant  give rise  to a cause

of action under the law of the State of Tennessee for discrimination and that all

that the Defendant is  liable for such actions.  That as a direct and proximate result of

said acts, Plaintiff has suffered loss of employment, loss of earnings and benefits,

loss of earning capacity, loss of income.

## C. Third cause of action:

27.)  The Plaintiff reiterates the factual allegations of ¶¶1 through 22, with the same force and effect as if set forth particularly.

28.)  Plaintiff alleges that the Defendant, Metropolitan Government of Nashville and Davidson County, Tennessee and the Metropolitan Nashville and Davidson County, Tennessee Police Department discriminated against him in his employment based on his age.

29.)  Plaintiff alleges that the Defendant breached its contract of employment with the Plaintiff and the terms and provisions of the orders and employment provisions adopted for the benefit of the employees of the Metropolitan Government and the police officers and employees of the Metropolitan Police Department by failing and refusing to apply to him and his disciplinary action the general orders and rules that govern disciplinary actions and by ordering him to sign papers against his interest and to not follow administrative procedures that would allow him to contest the actions.

30.)  The Plaintiff alleges and avers that the actions of the Defendant give rise to a cause of action under the law of the State of Tennessee for discrimination and that all that the Defendant is liable for such actions. That as a direct and proximate result of

8

said acts, Plaintiff has suffered loss of employment, loss of earnings and benefits, loss of earning capacity, loss of income.

31.) On April 27, 2010 the Plaintiff received a Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission (EEOC) which is attached hereto as an Exhibit hereto.

## III.  DEMAND FOR RELIEF:

**THE FOREGOING PREMISES CONSIDERED**, Plaintiff  reaffirmx each and every allegation contained in Paragraphs 1-31 above as if fully set forth herein and respectfully requests the following relief:

a) That process issue and each of the Defendants be summoned to answer the averments of this Complaint.

b) That Plaintiffs have judgment against the Defendant for damages suffered by the Plaintiff as a direct and proximate result of said acts,  including damages for loss of employment, income and benefits since his termination from employment.

c) That Plaintiffs be awarded compensatory damages against the Defendant in an amount appropriate according to the proof in this action in excess of $100,000. [00] .

d) That the Court enjoin the Defendant from discriminating against the Plaintiff and order he be reinstated to his employment with all back pay and benefits.

e) That the costs of this action, including reasonable attorney fees under 42 United

9

States Code § 1988, be assessed against the Defendant.

f)      That Plaintiffs have such further or general relief as may be warranted and as

be determined to be appropriate under the facts.

g)      That this case be tried before a jury.

Respectfully submitted,

s/s Dan R. Alexander

_____

Dan R. Alexander    # 7065
Attorney for Plaintiff
2016 Eighth Avenue South
Nashville, Tennessee 37204
(615) 297-0097

s/s  Buddy F. Michael, II

_____

Buddy F. Michael, II

10

State of Tennessee)
County of Davidson)


   Personally appeared before me, the undersigned Buddy F. Mitchell, II and after first being duly sworn according to law, attest and states that the facts and allegations above are true and correct to the best of his knowledge, information and belief.

   My Commission Expires:_____


           s/s

           _____
           Notary Public

11

12